**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, AND
HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

               Plaintiff,

v.

SUSAN C. PETERS, FIVE POINTS
BANK, as TRUSTEE OF THE MAXINE
BIELFELDT TRUST, and DAWN M.
STANGE,

               Defendants.

CASE NO. 8:14-cv-42

**COMPLAINT IN INTERPLEADER**

---

Plaintiffs, The Prudential Insurance Company of America ("Prudential") and Hartford Life and Annuity Insurance Company ("Hartford") (collectively referred to as the "Plaintiffs"), by and through their undersigned counsel, for their Complaint in Interpleader, allege the following:

**PARTIES**

1.    Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Nebraska.

2.    Hartford is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut. Hartford is duly authorized to do business in the State of Nebraska.

3.    Upon information and belief, Maxine A. Bielfeldt (the "Insured") was a resident of Lincoln, Nebraska.

4.      Upon information and belief, Susan C. Peters ("Susan Peters") is the Insured's niece and a resident and citizen of Lincoln, Nebraska.

5.      Upon information and belief, Five Points Bank, the Trustee of the Maxine Bielfeldt Trust (the "Trust"), is a domestic bank chartered by the state of Nebraska and registered as such with the Nebraska Secretary of State.

6.      Upon information and belief, Dawn M. Stange ("Dawn Stange") is the Insured's granddaughter and a resident and citizen of Norfolk, Nebraska.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  Prudential is a New Jersey citizen for diversity purposes, Hartford is a Connecticut citizen for diversity purposes, and upon information and belief, the defendants are citizens of Nebraska.

8.      Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9.      This is an action for interpleader under Federal Rule of Civil Procedure 22, and for related declaratory and injunctive relief, regarding competing claims to the proceeds of a life insurance policy issued by Hartford.

10.     On or about October 10, 2002, Hartford issued individual life insurance policy number VL 93 299 98 (the "Policy") to the Insured, which provided coverage on the life of the Insured.

11.     Prudential subsequently became the administrator of the Policy.

12.     By Change of Beneficiary form dated February 21, 2006, the Insured designated Dawn Stange and the Trust as co-Primary Beneficiaries to the Policy, each entitled to 50% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 21, 2006 is attached hereto as* **Exhibit A**.

13.     By Change of Beneficiary form dated July 16, 2008, the Insured designated Dawn Stange as sole Primary Beneficiary to the Policy, entitled to 100% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated July 16, 2008, is attached hereto as* **Exhibit B**.

14.     By Change of Beneficiary form dated February 10, 2010, the Insured designated Susan Peters as sole Primary Beneficiary to the Policy, entitled to 100% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 10, 2010, is attached hereto as* **Exhibit C**.

15.     By Change of Beneficiary form dated February 25, 2010, the Insured designated Susan Peters and the Trust as co-Primary Beneficiaries to the Policy, each entitled to 50% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 25, 2010, is attached hereto as* **Exhibit D**.

16.     On or about December 7, 2011, ownership of the Policy was transferred to Five Points Bank, as Conservator of Maxine Bielfeldt.

17.     Upon information and belief, the Insured died on August 26, 2013.  *A true and correct copy of the Insured's Certificate of Death is attached hereto as* **Exhibit E**.

18.     As a result of the death of the Insured, Policy benefits in the amount of $451,686.50 (the "Death Benefit") became payable to a beneficiary or beneficiaries and liability is conceded to that effect.

19.     By letter dated September 12, 2013, Five Bank Points, through Trust Officer Theresa Starkey, informed the Hartford that the Policy's beneficiaries of record at the time of the Insured's death may be disputed.  *A true and correct copy of the letter dated September 12, 2013, is attached hereto as **Exhibit F**.*

20.     By letter dated October 21, 2013, Dawn Stange, through counsel, asserted a claim to the Death Benefit, alleging that there may have been fraud or undue influence exerted by Susan Peters in connection with the most recent beneficiary designations.  *A true and correct copy of the letter dated October 21, 2013, is attached hereto as **Exhibit G**.*

21.     There have been no other claims for the Death Benefit.   Under the circumstances, Plaintiffs cannot determine factually or legally who is entitled to the Death Benefit.   By reason of the actual or potential claims of the interpleading defendants, Plaintiffs are or may be exposed to multiple liability.

22.     Plaintiffs are ready, willing and able to distribute the Death Benefit, plus applicable claim interest, if any, payable in accordance with the terms of the Policy to whomever this Court shall designate.

23.     As mere stakeholders, Plaintiffs have no interest (except to recover their attorneys' fees and cost of this action) in the Death Benefit payable and respectfully request that this Court determine to whom said benefits should be paid.

24.     Plaintiffs accordingly will deposit with the Registry of the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court.

25.     Plaintiffs have not brought this Complaint in Interpleader at the request of any of the Defendants.  There is no fraud or collusion between Plaintiffs and any of the Defendants.  Plaintiffs bring this Complaint of their own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c)     permitting Plaintiffs to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d)     discharging Plaintiffs from any and all further liability to Defendants relating in any way to the Death Benefit and/or the Policy upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(f)     awarding Plaintiffs their attorneys' fees and costs in their entirety; and

(g)     awarding Plaintiffs any other and further relief that this Court deems just and proper.

Dated this 6th day of February, 2014.

                       THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AND HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, Plaintiff,

By: /s/Erin E. Busch
      Erin E. Busch (NE# 23307)
of   BAIRD HOLM LLP
      1700 Farnam St Ste 1500
      Omaha, NE 68102-2068
      Phone: 402-344-0500

4.      Upon information and belief, Susan C. Peters ("Susan Peters") is the Insured's niece and a resident and citizen of Lincoln, Nebraska.

5.      Upon information and belief, Five Points Bank, the Trustee of the Maxine Bielfeldt Trust (the "Trust"), is a domestic bank chartered by the state of Nebraska and registered as such with the Nebraska Secretary of State.

6.      Upon information and belief, Dawn M. Stange ("Dawn Stange") is the Insured's granddaughter and a resident and citizen of Norfolk, Nebraska.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  Prudential is a New Jersey citizen for diversity purposes, Hartford is a Connecticut citizen for diversity purposes, and upon information and belief, the defendants are citizens of Nebraska.

8.      Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9.      This is an action for interpleader under Federal Rule of Civil Procedure 22, and for related declaratory and injunctive relief, regarding competing claims to the proceeds of a life insurance policy issued by Hartford.

10.     On or about October 10, 2002, Hartford issued individual life insurance policy number VL 93 299 98 (the "Policy") to the Insured, which provided coverage on the life of the Insured.

11.     Prudential subsequently became the administrator of the Policy.

12.     By Change of Beneficiary form dated February 21, 2006, the Insured designated Dawn Stange and the Trust as co-Primary Beneficiaries to the Policy, each entitled to 50% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 21, 2006 is attached hereto as* **Exhibit A**.

13.     By Change of Beneficiary form dated July 16, 2008, the Insured designated Dawn Stange as sole Primary Beneficiary to the Policy, entitled to 100% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated July 16, 2008, is attached hereto as* **Exhibit B**.

14.     By Change of Beneficiary form dated February 10, 2010, the Insured designated Susan Peters as sole Primary Beneficiary to the Policy, entitled to 100% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 10, 2010, is attached hereto as* **Exhibit C**.

15.     By Change of Beneficiary form dated February 25, 2010, the Insured designated Susan Peters and the Trust as co-Primary Beneficiaries to the Policy, each entitled to 50% of the Policy benefits.  *A true and correct copy of the Change of Beneficiary form dated February 25, 2010, is attached hereto as* **Exhibit D**.

16.     On or about December 7, 2011, ownership of the Policy was transferred to Five Points Bank, as Conservator of Maxine Bielfeldt.

17.     Upon information and belief, the Insured died on August 26, 2013.  *A true and correct copy of the Insured's Certificate of Death is attached hereto as* **Exhibit E**.

18.     As a result of the death of the Insured, Policy benefits in the amount of $451,686.50 (the "Death Benefit") became payable to a beneficiary or beneficiaries and liability is conceded to that effect.

19.     By letter dated September 12, 2013, Five Bank Points, through Trust Officer Theresa Starkey, informed the Hartford that the Policy's beneficiaries of record at the time of the Insured's death may be disputed.  *A true and correct copy of the letter dated September 12, 2013, is attached hereto as **Exhibit F**.*

20.     By letter dated October 21, 2013, Dawn Stange, through counsel, asserted a claim to the Death Benefit, alleging that there may have been fraud or undue influence exerted by Susan Peters in connection with the most recent beneficiary designations.  *A true and correct copy of the letter dated October 21, 2013, is attached hereto as **Exhibit G**.*

21.     There have been no other claims for the Death Benefit.   Under the circumstances, Plaintiffs cannot determine factually or legally who is entitled to the Death Benefit.   By reason of the actual or potential claims of the interpleading defendants, Plaintiffs are or may be exposed to multiple liability.

22.     Plaintiffs are ready, willing and able to distribute the Death Benefit, plus applicable claim interest, if any, payable in accordance with the terms of the Policy to whomever this Court shall designate.

23.     As mere stakeholders, Plaintiffs have no interest (except to recover their attorneys' fees and cost of this action) in the Death Benefit payable and respectfully request that this Court determine to whom said benefits should be paid.

24.     Plaintiffs accordingly will deposit with the Registry of the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court.

25.     Plaintiffs have not brought this Complaint in Interpleader at the request of any of the Defendants.  There is no fraud or collusion between Plaintiffs and any of the Defendants.  Plaintiffs bring this Complaint of their own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c)     permitting Plaintiffs to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d)     discharging Plaintiffs from any and all further liability to Defendants relating in any way to the Death Benefit and/or the Policy upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(f)     awarding Plaintiffs their attorneys' fees and costs in their entirety; and

(g)     awarding Plaintiffs any other and further relief that this Court deems just and proper.

Dated this 6th day of February, 2014.

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA, AND HARTFORD LIFE AND
ANNUITY INSURANCE COMPANY, Plaintiff,

By:  /s/Erin E. Busch
       Erin E. Busch (NE# 23307)
of    BAIRD HOLM LLP
      1700 Farnam St Ste 1500
      Omaha, NE  68102-2068
      Phone: 402-344-0500

# THE HARTFORD

P.O. Box 64582
St. Paul, MN 55164
(800) 231-5453
Fax: (651) 738-5629

RECEIVED

2006 FEB 23  A 7 05

VL 9329998
Policy number

Maxine Bielfeldt
Insured

Same
Policyowner's name

2329 N. Wheeler Ave.
Address

Grand Island       NE   68801
City                        State   Zip

## Change of Beneficiary   Woodbury #11

## Side A - *Complete this side for Individual Beneficiary(ies)*

The undersigned hereby requests that all previous beneficiary designations and settlement options elected be revoked and makes the following designations: (If additional space is needed, attach a separate sheet which includes the policy number, the date and your signature.)    *For multiple beneficiaries use percentages NOT dollar amounts.*

**Primary**

| Name Dawn M. Stange | Name Maxine A. Moore Bielfeldt Trust | Name |
|---|---|---|
| Address 204 S. 17th Street Norfolk, NE 68701 | Address 2329 N. Wheeler Grand Island NE 68801 | Address |
| Relationship Granddaughter    50 % | Relationship Trust    50 % | Relationship    % |
| Social Security number | REDACTED | Social Security number |

### Contingent (secondary) - *Receives benefits ONLY if no Primary Beneficiary survives the insured.*

| Name | Name | Name |
|---|---|---|
| Address | Address | Address |
| Relationship    % | Relationship    % | Relationship    % |
| Social Security number | Social Security number | Social Security number |

☐ Include as contingent beneficiary any future children born of, or legally adopted by, the insured.  Applies only if checked.
If this box is checked do not designate percent numbers on contingent beneficiaries.

The Undersigned requests that the Company waive any provision in the policy requiring that a requested change of beneficiary not take effect until endorsed on the policy, that the requested change be effected by the return of a copy of this request with the Company's acknowledgment and that upon being acknowledged, any such change will take effect as of the date the requested change was executed.

Maxine A Bielfeldt TTEE
Signature of policyowner or trustee with title

2-21-06
Date

_____
Signature of co-owner/second officer with title (if corporate-owned)

_____
Date

308 382-8866
Policyowner's telephone number

REDACTED
Social Security or Tax ID number.



Shelley Gamauche

MAR 03 2006
Company Registrar

101954 (03/05)

EXHIBIT
A



**THE HARTFORD**

P.O. Box 64582
St. Paul, MN 55164
(800) 231-5453
Fax: (651) 738-5629

Policy number *VL 932 9998*

Insured *Maxine Bielfeldt*

Policyowner's name *Same*

Address *2329 N. Wheeler Ave*

City *Grand Island*   State *NE*   Zip *68801*

# Change of Beneficiary

## Side B - *Complete this side for Trust Beneficiary or Other Designation*

| Trust Beneficiary under a formal trust agreement- *Trust pages are required with all Trustee signatures.* |
|---|

Name of Trust *Maxine Bielfeldt TTEE . U/A Dtd . 3/17/94  for Maxine A Maxine Bielfeldt Trust*

dated *3/17/1994*

OR

Trust Beneficiary under Last Will and Testament

_____, Trustee

as designated in my Last Will and Testament, or the successor or successors in Trust.

OR

Other beneficiary designation: _____

_____

_____

_____

_____

The Undersigned requests that the Company waive any provision in the policy requiring that a requested change of beneficiary not take effect until endorsed on the policy, that the requested change be effected by the return of a copy of this request with the Company's acknowledgment and that upon being acknowledged, any such change will take effect as of the date the requested change was executed.

*Maxine A Bielfeldt TTEE*
Signature of policyowner or trustee with title

*2-21-06*
Date

_____
Signature of co-owner/second officer with title (if corporate-owned)

_____
Date

*308 382 8866*
Policyowner's telephone number

**REDACTED**
Social Security or Tax ID number

*Shelley Yamauchi*

MAR 03 2006
Company Registrar

101954 (03/05)

# Change of Beneficiary



P.O. Box 64582
St. Paul, MN 55164-0582
(800) 231-5453
Fax: (651) 738-5829

VL 932 999 8
**Policy Number***

Maxine A. Bielfeldt
**Name of Insured***

Maxine A. Bielfeldt
**Policyowner's Name***

Beneficiary change requests can only be made during the lifetime of the insured.  Upon Hartford's receipt of this completed form, the Beneficiary change will be effective as of the date it was signed by the Policyowner and whether or not the insured is living when we receive it.  However, the change will be subject to any payment that Hartford may have made or actions it may have taken prior to receipt of the completed form.

**Important Instructions**
1. If new beneficiary is a trust, a copy of the trust document or a copy of the Hartford Trust Certification Form must be submitted and the trust name and date must be included as the name in the information box below.
2. If additional space is needed, please attach a separate sheet which includes: 1) the policy number and name of insured; 2) the information requested in the box below; and 3) signature of Owner(s) along with the date.
3. For multiple beneficiaries, use percentages NOT dollar amounts.  Percentages must equal 100%. If no percentages are indicated, an equal division will be assumed.
4. All designations must be witnessed by someone other than the beneficiary.

**Primary** – The undersigned hereby requests that all previous primary beneficiary designations and settlement options elected be revoked and makes the following designations (If no entry is made, previous designations and/or elections will remain unchanged):

| Name (Please Print) | Name | Name |
|---|---|---|
| Dawn M. Stange | | |
| **Address** 204 S. 17th Street | **Address** | **Address** |
| Norfolk, NE 68701-4921 | | |
| **Relationship** Grandaughter  100 % | **Relationship**  % | **Relationship**  % |
| **REDACTED** Social Security Number | Social Security Number | Social Security Number |

**Contingent (secondary)** – *Receives benefits ONLY if no Primary Beneficiary survives the insured.*  The undersigned hereby requests that all previous contingent beneficiary designations and settlement options elected be revoked and makes the following designations (If no entry is made, previous designations and/or elections will remain unchanged):

| Name (Please Print) | Name | Name |
|---|---|---|
| **Address** | **Address** | **Address** |
| **Relationship**  % | **Relationship**  % | **Relationship**  % |
| Social Security Number | Social Security Number | Social Security Number |

X Maxine A. Bielfeldt          7-16-68
**Signature of Policyowner (with title if applicable)***    **Date***

**REDACTED**
Social Security or Tax ID number*

(308) 382-8866
**Policyowner's Telephone Number***

**Signature of Co-owner (with title if applicable) or Second Officer with title (if corporate-owned)**    **Date**

Laura J. Stanton                    7/16/08
**Signature of Witness***              **Date***

Laura J. Stanton
**Name of Witness (Please Print)***

*indicates a required field.

101964HL (06/08)                          Page 1 of 1

**EXHIBIT**
**B**

02/10/2010   17:58     8778544662          EDWARD JONES                    PAGE  01/02

# Change of Beneficiary



**THE HARTFORD**

P.O. Box 64582
St. Paul, MN 55164-0582
(800) 231-5453
Fax: (651) 738-5629

VL9329998
Policy Number

Maxine Bielfeldt
Name of Insured

Maxine Bielfeldt
Policyowner's Name

Beneficiary change requests can only be made during the lifetime of the insured.  Upon the Insurer's receipt of this completed form, the Beneficiary change will be effective as of the date it was signed by the Policyowner and whether or not the Insured is living when we receive it.  However, the change will be subject to any payment that the Insurer may have made or actions it may have taken prior to receipt of the completed form.

**Important Instructions**

1. If new beneficiary is a trust, a copy of the trust document must be submitted and the trust name and date must be included as the name in the information box below.
2. If additional space is needed, please attach a separate sheet which includes: 1) the policy number and name of insured; 2) the information requested in the box below; 3) signature of Owner(s) along with the date; and 4) the signature of a Witness.
3. For multiple beneficiaries, use percentages NOT dollar amounts. If no percentages are indicated, an equal division is assumed.

**Primary** — The undersigned hereby requests that all previous primary beneficiary designations and settlement options elected be revoked and makes the following designations (If no entry is made, previous designations and/or elections will remain unchanged):

| Name (Please Print) Susan C. Peters | Name | Name |
|---|---|---|
| Address 8301 Sky Bright Road | Address | Address |
| Lincoln, NE 68517 | | |
| Relationship Neice · · · · · · · · % 100 | Relationship · · · · % | Relationship · · · · % |
| Social Security Number REDACTED | Social Security Number | Social Security Number |

**Contingent (secondary)** — *Receives benefits ONLY if no Primary Beneficiary survives the insured.*  The undersigned hereby requests that all previous contingent beneficiary designations and settlement options elected be revoked and makes the following designations (If no entry is made, previous designations and/or elections will remain unchanged):

| Name (Please Print) | Name | Name |
|---|---|---|
| Address | Address | Address |
| | | |
| Relationship · · · · % | Relationship · · · · % | Relationship · · · · % |
| Social Security Number | Social Security Number | Social Security Number |

Signature of Policyowner (with title if applicable)     2-10-10     308-382-8866
                                         Date            Policyowner's Telephone Number

Signature of Co-owner (with title if applicable) or     Date
Second Officer with title (if corporate-owned)



Signature of Witness (person cannot be a designated Beneficiary)     Laura J. Stanton
                                                 Name of Witness (Please Print)

101954HL (05/09)                    Page 1 of 1                    **EXHIBIT C**

02/25/2010  17:59   8778544582          EDWARD JONES                    PAGE  02/02

# Change of Beneficiary



**THE HARTFORD**

P.O. Box 64582
St. Paul, MN  55164-0582
(800) 231-5453
Fax: (651) 738-5629

VL9329998
_Policy Number_

Maxine Bielfeldt
_Name of Insured_

Maxine Bielfeldt
_Policyowner's Name_

Beneficiary change requests can only be made during the lifetime of the insured.  Upon the Insurer's receipt of this completed form, the Beneficiary change will be effective as of the date it was signed by the Policyowner and whether or not the insured is living when we receive it.  However, the change will be subject to any payment that the Insurer may have made or actions it may have taken prior to receipt of the completed form.

**Important Instructions**
1.   If new beneficiary is a trust, a copy of the trust document must be submitted and the trust name and date must be included as the name in the information box below.
2.   If additional space is needed, please attach a separate sheet which includes: 1) the policy number and name of insured; 2) the information requested in the box below; 3) signature of Owner(s) along with the date; and 4) the signature of a Witness.
3.   For multiple beneficiaries, use percentages NOT dollar amounts. If no percentages are indicated, an equal division is assumed.

**Primary** — The undersigned hereby requests that all previous primary beneficiary designations and settlement options elected be revoked and makes the following designations (if no entry is made, previous designations and/or elections will remain unchanged):

| Name *(Please Print)*<br>Susan Peters | Name<br>Maxine Bielfeldt Trust | Name |
|---|---|---|
| Address<br>8301 Sky Bright Road | Address<br>8301 Sky Bright Road | Address |
| Lincoln, NE  68517 | Lincoln, NE  68517 | |
| Relationship            %<br>Neice              50 | Relationship            %<br>Trust              50 | Relationship            % |
| Social Security Number **REDACTED** | Social Security Number **REDACTED** | Social Security Number |

**Contingent (secondary)** — *Receives benefits ONLY if no Primary Beneficiary survives the insured.*  The undersigned hereby requests that all previous contingent beneficiary designations and settlement options elected be revoked and makes the following designations (if no entry is made, previous designations and/or elections will remain unchanged):

| Name *(Please Print)* | Name | Name |
|---|---|---|
| Address | Address | Address |
| | | |
| Relationship            % | Relationship            % | Relationship            % |
| Social Security Number | Social Security Number | Social Security Number |

X _Maxine Bielfeldt_                    2-25-10                    (402) 570-1899
Signature of Policyowner (with title if applicable)        Date          Policyowner's Telephone Number

_____          _____
Signature of Co-owner (with title if applicable) or          Date
Second Officer with title (if corporate-owned)

_Janet K Wright_                                        JANET K WRIGHT
Signature of Witness (person cannot be a designated Beneficiary)        Name of Witness (Please Print)

101954HL (05/09)                    Page 1 of 1

**EXHIBIT D**

10/01/2013  00:53   8778544682                                          PAGE  03/03

*WHEN THIS COPY CARRIES THE RAISED SEAL OF THE NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, IT CERTIFIES THE BELOW TO BE A TRUE COPY OF THE ORIGINAL RECORD ON FILE WITH THE NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, VITAL RECORDS OFFICE, WHICH IS THE LEGAL DEPOSITORY FOR VITAL RECORDS.*

DATE OF ISSUANCE
09/03/2013

*Stanley S. Cooper*
STANLEY S. COOPER
ASSISTANT STATE REGISTRAR
DEPARTMENT OF HEALTH AND
HUMAN SERVICES

LINCOLN, NEBRASKA

STATE OF NEBRASKA - DEPARTMENT OF HEALTH AND HUMAN SERVICES
CERTIFICATE OF DEATH                                             13 03644

1. DECEDENT'S NAME: Maxine Ann Bielfeldt
3. SEX: Female
2. DATE OF DEATH: August 26, 2013

Decedent: Grand Island, Nebraska; Age 98; Place of Death: Tiffany Square Care Center; Nursing Home/LTC

City of Death: Grand Island 68803; County: Hall
Residence State: Nebraska; County: Hall; City/Town: Grand Island
Street: 3119 West Faidley Avenue; Zip: 68803
Marital Status: Widowed
Spouse: Theodore Bielfeldt
Father: William Merth
Mother: Elsie School
Informant: Dawn Stange; Relationship: Granddaughter; Date: August 30, 2013
Method of Disposition: Burial
Embalmer Signature: Laurie O. Shaffield; License No. 1397; Date: August 30, 2013
Cemetery: Westlawn Cemetery; City/Town: Grand Island; State: Nebraska
Funeral Home: All Faiths Funeral Home, 2929 S. Locust Street, Grand Island, Nebraska 68801

CAUSE OF DEATH
a) Respiratory Failure — onset to death > 1 Week
b) Dementia — > 1 Year

18. Manner of Death: Natural
Autopsy Performed? No
Medical Examiner Contacted? No

23a. Date Signed: August 27, 2013; Time of Death: 12:23 AM
Jennifer L. Brown, MD
Jennifer L. Brown, MD, 2116 North Custer Avenue, Grand Island, Nebraska, 68803

Registrar Signature: *Stanley S. Cooper*   Date Filed: August 28, 2013



EXHIBIT
E



**FIVE POINTS BANK**
*OF GRAND ISLAND*
**MEMBER FDIC**

P.O. Box 1507, Grand Island, NE 68802

**Trust Services Branch**
at 2032 Brentwood Boulevard

Telephone (308) 389-8818          Fax (308) 389-8836

September 12, 2013

Hartford Life                                      Via Facsimile (877) 510-6726
Attn: Claims

RE:    Policy #102 VL9329998 for Maxine A. Bielfeldt

This letter is to notify you the beneficiaries of the above referenced policy may be
disputed.  Please hold distribution of the insurance policy proceeds until the dispute can
be investigated.

Sincerely,

Five Points Bank, Conservator for
Maxine A. Bielfeldt

By: *Theresa M Starkey, Trust Officer*

Five Points Bank, Trustee of the
Maxine A. Bielfeldt Trust dated 3-17-1994 as Amended

By: *Theresa M Starkey, Trust Officer*

**EXHIBIT**
**F**

**BALSIGER LAW OFFICE**
**Charles W. Balsiger,** *Lawyer*
900 Riverside Blvd., P.O. Box 17
Norfolk, NE 68702-00

Phone (402) 379-2543
Fax (402) 379-8191
Cell (402) 640-6220

October 21, 2013

Mr. Kelly Wanovich
Life Claims Examiner
The Hartford
P.O. Box 64287
St. Paul, MN 55164-0287

RE:     Policy Number: VL9329998
        Insured:      Maxine A. Bielfeldt

Email:  Kelly.Wanovich@prudendial.com

Dear Mr. Wanovich:

In response to your letter of October 11, 2013 addressed to Mrs. Dawn Stange of Norfolk,
Nebraska regarding the above referenced matter, please be advised that I represent Mrs. Stange
regarding the matter. We submit Mrs. Stange has a colorable claim to at least some if not all of
the policy proceeds.

We submit that the policy proceeds and any post-mortem accumulations should not be paid out at
this time as we have reason to believe there may have been some degree of fraud or undue
influence exercised by Sue Peters, one of the alleged beneficiaries of the policy. In addition, until
these issues are resolved it appears The Hartford may incur some liability if payment is made
directly to Sue Peters!

Please note that Dawn Stange is Mrs. Bielfeldt's granddaughter and Sue Peters is Mrs. Bielfeldt's
niece.

Based upon the initial information provided to me, I am providing you a time line on certain
events and transactions that have taken place over the last several years regarding the matter as
follows:

> October 10, 2002.  The policy was acquired by Mrs. Bielfeldt wherein the
> Maxine Ann Bielfeldt Trust (hereafter referred to as the Trust) was designated as
> beneficiary.

> February 21, 2006.  A change of beneficiary was effected naming Dawn Stange
> as 50% beneficiary and the Trust as 50% beneficiary.

> July 16, 2008.   A change of beneficiary was effected naming Dawn Stange as
> 100% beneficiary. (Please note that Dawn Stange was not present, nor did she
> initiate such beneficiary changes on 2/21/2006 or 7/16/2008)



EXHIBIT
G

April, 2009(exact date unknown).  Dean Stange and Sue Peters nominated and
appointed as co-Powers of Attorney.  Dawn Stange nominated and appointed as
Health Care Power of Attorney.

June, 2009(exact date unknown).  Mrs. Bielfeldt underwent extensive back
surgery in Yankton, S.D. leaving her substantially impaired due to the time she
was under anesthesia during surgery.

October, 2009.  Mrs. Bielfeldt was admitted to Country House, an Alzheimer's
and Dementia Care Center in Grand Island, NE.

November 5, 2009.  Dr. Jane McDonald, M.D. of the Wagner Medical Group,
P.C. issued a written letter opining that Mrs. Bielfeldt has evidence of and has
progressive dementia.  The letter does not document the date of consultation or
evaluation.  A copy of the letter is enclosed.

November 19, 2009.  Mrs. Bielfeldt is examined by Dr. Jennifer L. Brown, M.D.
of Internal Medicine Associates of Grand Island, Nebraska.  The Doctor's note of
November 25, 2009 indicates Mrs. Bielfeldt has "demonstrated evidence of
memory loss with disorientation to time, and poor short term memory and
obvious lack of insight into her deficits."

November, 2009 (exact date unknown).  The previous POA appointing Dean
Stange and Sue Peters is revoked and a new POA appointing Sue Peters as POA
is effected.

February, 2010.  A new POA appointing Dean & Dawn Stange as POAs is
executed & contested by Sue Peters on the basis of Mrs. Bielfeldt's dementia and
mental status as incompetent.

February, 2010.  A change of beneficiary on the policy is effected naming Sue
Peters as 100% beneficiary.

February, 2010.  A change of beneficiary on the policy is effected naming Sue
Peters as 50% beneficiary and the Trust 50%. (Note: Of these last 2 entries I do
not know which took place first and which took place later in time)

April 15, 2010.  Mrs. Bielfeldt is examined by Dr. Robert G. Arias, Ph.D. of
Arias Neuropsychology & Behavioral Medicine, P.C. upon referral by Dr.
Brown.  Dr. Arias's evaluation is attached with his diagnoses of Dementia
Probable Alzheimer's Type & Cognitive Deficits.

We submit copies of emails from Sue Peters to Dawn Stange dated October 14, 2010 and
December 17, 2011 wherein Mrs. Peters acknowledges the dementia of Mrs. Bielfeldt.

Given the foregoing information (subject to further discovery and verification) we have every reason to believe our suspicions of undue influence on the part of Sue Peters are correct. The allegations set forth in this communication are going to be subject to further discovery and verification. However if the allegations are correct, certainly Mrs. Peters will have to account for her actions, and it is likely that her actions will be the subject of litigation and determination by a Court of competent jurisdiction.

Regarding discovery we request that you furnish this office with a copy of the policy in question together with a record and timeline of all changes or modifications as reflected upon The Hartford's records. Thank you! Documents not included in the email form with this letter are being forwarded by US Postal Service.

Yours truly,

**Charles W. Balsiger**

CWB:id



**Wagoner Medical Group PC**

800 Alpha Street  •  PO Box 5073  •  Grand Island, Nebraska 68802-5073  •  308-382-2010  •  FAX 308-382-9549

John A. Wagoner Jr. MD,
Internal Medicine BC ABIM

Ryan D. Crouch DO,
Internal Medicine BC ABIM

Jane A. McDonald MD,
Internal Medicine BC ABIM

Zakaria Saleem MD, BCIM
Internal Medicine & Nephrology

November 5, 2009

RE: Maxine Bielfeldt

To Whom It May Concern:

Maxine is an elderly lady who I care who has had a history of recent back surgery, history of mild memory loss, hypertension, chronic cough which is felt to be secondary to Lisinopril. She also has evidence of progressive dementia consistent with Alzheimer's disease clinically. There have been marked concerns about her ability to take her medications properly and her understanding of the medications.

At this time it is noted that she has progressive dementia and is having increasing difficulties with her day to day medical and financial needs.

Sincerely,

Jane McDonald, MD

JMC/rkm

308 382 5290                                          09:06:51 a.m.    11-25-2009        2/2

*Internal Medical Associates*



729 North Custer Avenue
Grand Island, NE 68803
Phone: (308) 382-9766
Fax: (308) 382-5290

11/25/2009

Patient: Maxine A Bielfeldt  DOB: 

To Whom It May Concern:

My name is Dr. Jennifer Brown and I examined Maxine Bielfeldt Thursday, November 19, 2009 at Country House Residence. She demonstrated evidence of memory loss with disorientation to time, poor short term memory, and obvious lack of insight into her deficits. I feel she would be unsafe to live alone and would pose a risk to herself. She needs a Power of Attorney to assist with healthcare and to live in a monitored environment.

Sincerely,

Jennifer L Brown  MD



Arias Neuropsychology and Behavioral Medicine, PC

Robert G. Arias, Ph.D.
6940 Van Dorn St., Ste 203
Lincoln, Nebraska 68506
402-323-8890

## NEUROPSYCHOLOGICAL EVALUATION

| | |
|---|---|
| **PATIENT NAME:** | **BIELSELDT, MAXINE** |
| **DATE OF BIRTH:** | **REDACTED** |
| | 04/15/2010 |
| **DATE OF INTERVIEW:** | 05/03/2010 |
| **DATE OF TESTING:** | **JENNIFER BROWN, MD** |
| **REFERRAL SOURCE:** | |

**CONCLUSIONS:** These results revealed a Dementia that is of moderate severity, and is consistent with what is often seen in a Dementia of the Alzheimer's type. They do report vascular risk factors which may be further contributing. Her impairments were noted specifically in the areas of memory, problem solving, semantic fluency and word finding, with semantic paraphasias. It is notable that her insight and judgment are also significant impairments, as she has no appreciation for her cognitive limitations. She would be considered a high safety risk if living independently.

**DIAGNOSES:**

| | |
|---|---|
| AXIS I: | Dementia Probably of the Alzheimer's Type |
| | Depressive Disorder NOS (By History) |
| AXIS II: | No Diagnosis |
| AXIS III: | Encephalopathy NOS |
| | Cognitive Deficits |
| AXIS IV: | Living Situation |
| | Primary Support Group |
| AXIS V: | GAF = 42 (Current) |

**RECOMMENDATIONS:**
1. She is appropriate for an assisted living level of care equipped to deal with patients with memory disorders. It is recommended that she be stimulated to participate in as many activities as possible, as her family indicate that the clubs in which she has been involved are not inviting her to return. A routine exercise program is also supported. These activities should be helpful to her mood and overall quality of life.
2. Maintaining an invoked power of attorney to make decisions for her is recommended, given her impaired cognition and decision making capacity.
3. Continuing with her memory medication is also supported.
4. Maintaining readily visible orientation information, such as pictures labeled with names, would be recommended to reduce disorientation that was apparent in the interview.
5. She should be encouraged to use an external memory aid such as a memory notebook to compensate for her memory impairment.

**HISTORY OF PRESENT ILLNESS: (90801/96116)** The patient is a 90 year-old female who does not know who sent her for this evaluation. She denies any cognitive or emotional complaints. She stated that her two family members in the interview were nieces, although they stated that one is a niece and one is her granddaughter. She has been living at an assisted living facility for the past year, although she was unaware of the name of the facility. She states that she

dislikes it and would rather be at home. She does believe she would need help getting to the store for groceries. She has not been driving for the past year. She was bored in her residence and states that she has few activities. In contrast, her family indicates short term memory problems for the past two years that are gradually progressive and currently at a moderate level of severity. They have been significantly worse since a 05/09, 9-1/2 hour back surgery. She apparently had atrial fibrillation after the surgery. They do not want her to go home. They tried independent living with home health care in 09/09, but the patient disliked that and home health care quit. She now goes to a bridge club and is in the Red Hat and other social clubs. However, these clubs have called and do not want her to return because she "can't keep up" for example with bridge. She helps the assisted living facility get ready for functions. Her house was full of smoke twice when she was at home because she forgot to open the flue of the fireplace. She is depressed about her current living situation. She was referred to assess her neuropsychological status and to assist in differential diagnosis and treatment planning.

**PAST MEDICAL HISTORY:** She denied any developmental problems as a child. She denied any other medical problems. Her family however report hypertension and atrial fibrillation. She collapsed in 02/10 with loss of consciousness. She had no pulse for approximately 70 seconds. She is status post a back surgery. There is no reported chemical dependency history.

**PSYCHIATRIC HISTORY:** She was unaware that she has been treated with Zoloft.

**FAMILY HISTORY:** Noncontributory.

**MEDICATIONS:** Zoloft and Aricept for the past month, vitamin C, calcium, digoxin, furosemide, loperamide, lorazepam, Tylenol.

**SOCIAL HISTORY:** She was raised by her mother and maternal grandmother. Her father died when she was age 9. She has two younger sisters. She denied any history of abuse, perpetration of abuse or legal problems. She has been married and widowed twice. She has three children. She has a high school education and was an above average student with no history of learning difficulties. She has no military history. She has worked primarily as a homemaker and part-time as a bookkeeper.

**PROCEDURES USED:** Recognition Memory Test, Grooved Pegboard, Judgment of Line Orientation, Rey-Osterrieth Complex Figure, Boston Naming Test, Controlled Oral Word Association Test, Animal Fluency Test, Stroop Color/Word Test, Trail Making Test, California Verbal Learning Test, Spatial Span, Logical Memory, and Visual Reproduction subtests of the WMS-III, Wisconsin Card Sorting Test, WAIS-IV, Block Design, BDI-II, clinical interview with the patient, and record review.

**BEHAVIORAL OBSERVATIONS:** The patient was pleasant and cooperative. She was unaware of the president, but was oriented to date and time. She was a vague historian and frequently repeated herself in her statements. Insight and judgment were marked impairments. She was estimated to be of average premorbid intelligence. Results are valid.

**RESULTS: (996118/96119; 96101/96102)**
**Intellectual Functioning:** On the WAIS-IV, the patient obtained a Verbal Comprehension Index of 87, Perceptual Reasoning Index of 100, Working Memory Index of 92, Processing Speed Index of 94, and Full Scale IQ score of 92, corresponding to the low end of the average range and the 30th percentile. There is a 95% chance that her true Full Scale IQ score falls between 88 and

BIELSELDT, MAXINE
Page 2

96. The Verbal Comprehension score was a weakness relative to the Perceptual Reasoning Score.

**Sensory/Motor/Visual Construction:** Fine motor coordination was mildly to moderately impaired bilaterally, although scores were comparable across hands. Judgement of spatial relationships was low average. Block construction and complex visual construction were average and low average, respectively.

**Language:** Spontaneous speech revealed some word finding difficulties. Comprehension was reduced for more complex information. Confrontation naming revealed moderate word finding problems, with semantic paraphrases. Phonemic verbal fluency was average, while semantic verbal fluency was mildly impaired. Vocabulary skills and general fund of knowledge were low average to average.

**Attention:** General cognitive efficiency was average for verbal and visual information. Visual scanning and sequencing with a motor response was average, and became low average with cognitive flexibility. Psychomotor speed was average. Auditory-verbal and visual-spatial spans of attention were low average to average. Mental arithmetic was average.

**Memory:** Verbal learning through repetition revealed a mildly impaired learning curve, although she retained none of the information after a delay. Recognition performance improved to some extent, although remained mildly impaired. This indicates a marked memory impairment with components of consolidation and retrieval difficulties. Immediate and delayed memory for short stories was mildly impaired. Recognition was low average. Immediate and delayed memory for simple and more complex visual information was moderately to markedly impaired, due primarily to a retrieval difficulty. It is notable that she retained very little information.

**Executive Functioning:** Visually-based problem solving skills were markedly impaired, as she was grossly unable to conceptualize the task and lost her train of thought several times.

**Emotional Functioning:** On the BDI-II, the patient denied any symptoms of depression, with a raw score of 0.

As always, thank you for allowing me to participate in the care of your patients. Please feel free to contact me if you wish to discuss these findings further.

These opinions are offered within a reasonable degree of psychological probability. There was no duplication of services in this evaluation.

*Robert G. Arias Ph.D.*

_____
Robert G. Arias, Ph.D.
RA/MT#35
DD: 05/05/2010
DT: 05/05/2010

BIELSELDT, MAXINE
Page 3

10/18/13                                     Gmail - Grandma



# Grandma

**Sue Peters** <susancpeters@gmail.com>                              Thu, Oct 14, 2010 at 1:43 AM
To: DawnStange@gmail.com

Dawn,
After receiving your email and doing some serious thinking, I decided to call your grandma's attorney and see if I
am being too cautious about her finances. I am not, as he assured me that I am doing my job as her POA.
There will be no more going to the bank with her and she will not be signing any receipts. Dawn, you know she
has dementia. Her short term memory is gone. She will sign any thing anyone asks her to sign. All bills come
to me. A list of expenses will no longer be tolerated without the actual receipt. You said that Dean fixed the
water leak. Send me the receipt for parts and I will reimburse you. As I said, money for meals and gas will have
to be taken from her trust account at the home. As for Sunday's, you pay for it, send me the actual receipt and I
will send you a check. If you can't afford to come down so often, I understand. The Will says that it is my job to
get rid of the house contents and I will do that. If you remember correctly, I said we need to think about getting
the house ready to sell and that you and I should go through things together starting in the basement. I never
intended for the house to be on the market this fast. How are other family members going to be able to have
something to remember her by (which she wants) when everything is packed and up in Norfolk? Things are
moving too quickly and I told you I couldn't come down until late Oct. to help. It's funny about the car, she was
grumbling to me at the wedding rehearsal dinner that she turned the car over to you and now she was expected
to pay for the repairs. I have known for years that the car was to go to you. I have no qualms about that. Just
stating that you are fortunate.

As far as selling the house, Galen reaffirmed just what I told you and your grandma, that the money goes back
into the Bielfeldt Family Trust and in return she continues to be well taken care of.

I have talked to Will, and he, your grandma and I will be meeting. There is no need for you to be there as your
grandma told me she doesn't want you there and you are no longer her POA. You are right, I have nothing to
hide, but I am curious as to why you are so interested in her financial situation when you have already read
everything. She has told me over and over that she does not want you involved in her finances.

As for the expense justification, what about the $1000.00 taken out July 14, the week before the wedding? I
believe I gave you an additional $500 for Hotel rooms and extra for gas/food too. And for the record my computer
was $400 not $600 and I have dearly appreciated it. That is my only compensation. I have a hard time too
making ends meet. My tires are as bald as an eagle and that is another reason I don't make the trip to GI as
often I would like to.

I will not be made a fool of. Like I said, your grandma made me her POA years ago, because she knew she
could trust me and I would look out for her if need be. Your grandma shared many things with me many years
ago. I didn't want it to come to this, but when I saw those large sums of money withdrawn within a short time
and your grandma had no recollection of it with her dementia, I knew I had to step in. I could care less if she
wants to give you gas money, etc. from time to time. I know that is her. Please remember, your grandma has
dementia. Were you aware that she left an envelope of money at a restaurant? I also called the Liederkranz
and that has been taken care of. Financial matters have to go through me. I always share with her and bring the
notebooks when I come so we can look at them and discuss, even though she may not remember, but I know it
makes her feel important. I love my Auntie Max and that is why I am doing the best I can to look out for her now
that she has dementia.

Again, I hope you can understand and respect what I am asking for as her POA.

10/21/13                                      Gmail - Your Grandmother



## Your Grandmother

**Sue Peters** <susancpeters@gmail.com>                        Sat, Dec 17, 2011 at 8:13 PM
To: Dawn Marie Stange <dawnstange@gmail.com>
Cc: Stacy Glock <sglock@chresidences.com>

Dawn,

I just returned from GI. I had planned on taking your grandmother out, but CH recommended we not leave as
your grandmother had a very difficult week. She had daily episodes of passing out or nearly passing out and
times when she would forget how to walk or know what to do. I could see her decline as she was satisfied just to
sit. We had a wonderful visit and time together at the Home. I don't know if you are planning on going to see
her tomorrow, but if you do, I am asking that you either eat at the Home or bring something in since she has
been so unstable lately. We certainly do not want her to fall and break any bones. Together we talked about her
dementia and why she has to live at CH. I know she would love to see you.

CH is so knowledgeable in working with these situations and I trust their judgement.
Thank you for your understanding, love, and respect for your grandmother.

Sue