IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,<br><br>           Plaintiffs,<br><br>    vs.<br><br>SUSAN C. PETERS; FIVE POINTS BANK, AS TRUSTEE OF THE MAXINE BIELFELDT TRUST; and DAWN M. STANGE,<br><br>           Defendants. | CASE NO. 8:14CV42<br><br>MEMORANDUM AND ORDER FOR INTERPLEADER OF DEATH BENEFIT AND DISMISSAL OF PLAINTIFFS |

This matter is before the Court on the parties' Joint Motion for Interpleader of Death Benefit and Dismissal of Plaintiffs (Filing No. 16) filed by Plaintiffs The Prudential Insurance Company of America ("Prudential") and Hartford Life Insurance and Annuity Company ("Hartford"), and Defendants Susan C. Peters; Five Points Bank, as Trustee of the Maxine Bielfeldt Trust; and Dawn Stange (collectively, the "Adverse Claimants").

Pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure, the Court concludes that the Motion should be granted and that (1) Prudential should distribute to the Clerk of this Court a check in the amount of $451,686.50, representing life insurance benefits payable as a result of the death of Maxine A. Bielfeldt in connection with Individual Life Insurance Policy number VL 93 299 98, which was issued by Prudential to Maxine A. Bielfeldt (the "Policy"), plus applicable claim interest, if any (collectively, the "Death Benefit"); (2) Prudential and Hartford should be discharged of all liability relating to the Policy and/or the Death Benefit; and (3) Prudential and Hartford should

be dismissed from this action, with prejudice, and without costs to any party. Accordingly,

IT IS ORDERED:

1. Within 21 days of the signing of this Order by the Court Prudential will distribute to the Clerk of this Court a check equal to the sum of $451,686.50, plus applicable claim interest, if any, representing the Death Benefit payable under the Policy;

2. The Clerk of this Court will deposit the Death Benefit distributed by Prudential into an interest-bearing account and maintain the same pending further orders of the Court;

3. Upon deposit of the Death Benefit with the Court, Prudential and Hartford are discharged from any and all liability to the Adverse Claimants relating to the Policy and/or the Death Benefit, and the Adverse Claimants are permanently enjoined from making any further actual or implied claims, demands, or causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind, nature, or description whatsoever that Adverse Claimants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential or Hartford with respect to the Policy and/or the Death Benefit;

4. Prudential and Hartford are dismissed from the above-captioned action with prejudice;

5. The Court will not assess costs; and

6. In accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay, a separate Judgment will be entered.

Dated this 18th day of April, 2014.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          Chief United States District Judge